**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Fort Berthold Landowners Association, Linda Driver, Gloria Fast Dog, Roger Birdbear, Nelson Heart, Beneficiaries, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | **ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | ) ) | |
| United States, | ) ) | Case No. 4:06-cv-043 |
| Defendants. | ) | |

Before the Court is the Plaintiffs' "Motion for a Temporary Restraining Order" filed on May 17, 2006. For the reasons set forth below, the Court denies the motion.

**I.    BACKGROUND**

The following facts are those alleged by the Plaintiffs in the complaint.[1]  See Docket No. 1. The plaintiffs include the Forth Berthold Landowners Association, which is an unincorporated association of individual Indians who own beneficial title to Indian trust land, and four individuals: Linda Driver, Gloria Fast Dog, Roger Birdbear, and Nelson Heart. It is unclear from the complaint whether these individuals are members of the Forth Berthold Landowners Association. The trust assets at issue include individually-owned Indian trust land permitted for grazing purposes and the financial proceeds derived therefrom.

---

[1] Having not been served with a copy of the complaint/motion for temporary restraining order, the Defendant has not had an opportunity to refute any of the alleged facts.

1

The Plaintiffs assert that the United States, through the Bureau of Indian Affairs ("BIA"), is obligated to pay annual rentals to the beneficiaries by December 1 of each year.  According to the Plaintiffs, on September 20, 2005, the BIA set the annual rental rate for individually-owned Indian trust lands at $8.50 per AUM.  The Plaintiffs assert that they have not received any payments for their lands managed by the BIA.

In the motion for a temporary restraining order, the Plaintiffs assert that the United States, through the BIA's Great Plains Regional Office and Fort Berthold Agency, has authorized grazing without payment.  The Plaintiffs contend that irreparable injury, loss, or damage will occur because payment may never be received by the Indian beneficiaries.  The Plaintiffs assert that the status quo is as follows:

> Normally, a permit would be paid for on the next anniversary date, or 1 December 2005 under 25 C.F.R. § 166.408, and then grazing would occur during the grazing season.  If a permittee does not pay for a permit, then that permit would be revoked and re-advertised.  This process normally would occur prior to the grazing season.

See Motion for a Temporary Restraining Order, p. 1 (Docket No. 3).  The Plaintiffs argue that by not collecting the payment prior to grazing, it is possible that the BIA may never collect payment for forage consumed, which may expose the United States, as trustee, to claims by the beneficiaries for losses of income from trust assets.

The Plaintiffs contends that they have contacted the BIA requesting interest payments, late fees, liquidated damages, and fair market value payment.  The BIA Regional Director failed to respond.  The Plaintiffs also assert that it is not necessary for them to give notice to the opposing party because (1) they have sought payment from the BIA, (2) they have notified the BIA of their

2

concern regarding the non-payment and (3) they have informed the BIA of their intent to file a motion for a temporary restraining order.

The Plaintiffs request a temporary restraining order prohibiting the BIA at its Fort Berthold Agency from authorizing grazing on land held in trust under grazing regulations until the Indian landowners have received their fair annual return for their lands as required under law.

## II.     LEGAL DISCUSSION

Rule 65(b) of the Federal Rules of Civil Procedure governs temporary restraining orders and provides, in relevant part, as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

(emphasis added).

Applications for both preliminary injunctions and temporary restraining orders are measured against the factors set forth in Dataphase Systems, Inc., v. C.L. Sys. Inc., 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*). The Dataphase factors include "(1) the threat of irreparable harm to the moving party; (2) the movant's likelihood of success on the merits; (3) the balance between the harm to the movant if the injunction is denied and the harm to other parties if the injunction is granted; and (4) the public interest." Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999) (citing Dataphase, 640 F.3d 109, 113). The burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. Baker v. Electric Co-op, Inc. v.

3

Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer System, Inc. v. Modern Banking System, Inc., 871 F.2d 734, 737 (8th Cir. 1989) (*en banc*).  "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction."  United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998) (citing Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co., 997 F.2d 484, 486 (8th Cir. 1993); Calvin Klein Cosmetics Corporation v. Lenox Labs, Inc., 815 F.2d 500, 503 (8th Cir. 1987)).  Trial courts have broad discretion in ruling on requests for preliminary injunctions and temporary restraining orders.  See Energy, Arkansas, Inc. v. Nebraska, 210 F.3d 887, 898 (8th Cir. 2000).

### A.    PROBABILITY OF SUCCESS ON THE MERITS

When evaluating a movant's "likelihood of success on the merits" the Court should "weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires [intervention] to preserve the status quo until the merits are determined."  Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp., 59 F.3d 80, 83 (8th Cir. 1995).  The Eighth Circuit has held that of the four factors to be considered by the district court in considering preliminary injunctive relief, the likelihood of success on the merits is "most significant."  S&M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

The payment of grazing rents is governed by 25 C.F.R. §§ 166 et seq.  "The initial grazing rental payment is due and payable as specified in the permit or 15 days after the BIA approves the permit, whichever is later."  25 C.F.R. § 166.410.  The record is devoid of any information regarding the language of the permit(s) in question.  The failure of the Plaintiffs to provide this information hampers the Court's evaluation of the likelihood of the Plaintiffs' success on the merits.  Without

showing that (1) permits were issued, (2) the language of such permits, or (3) the dates such permits were issued, the Plaintiffs have failed, as this stage, to establish that they are entitled to receive payment pursuant to such permits.  The Court finds that the Plaintiffs have failed to meet their burden of establishing that they are likely to succeed on the merits of their claims. Accordingly, the Court finds this factor weighs against the issuance of a temporary restraining order.

### B.     IRREPARABLE HARM

The failure of a movant to show irreparable harm is an "independently sufficient basis upon which to deny a preliminary injunction."  Blue Moon Entertainment, L.L.C. v. Bates City, 441 F.3d 561, 564 (8th Cir. 2006).  Harm which can be compensated by an award of monetary damages is not considered irreparable harm.  See Caballo Coal Co. v. Indiana Michigan Power Co., 305 F.3d 796, 801 (8th Cir. 2002); Sharp v. Parents in Community Action, Inc., 172 F.3d 1034, 1040 (8th Cir. 1999) (in the employment context, an adequate monetary remedy weighs against issuing a preliminary injunction); National Basketball Assoc. v. Minnesota Professional Basketball, L.P., 56 F.3d 866, 870 (8th Cir. 1995) (an injury that can be remedied with money damages is not irreparable).

The Plaintiffs assert that "irreparable injury, loss or damage will occur when payment may never be received by the Indian beneficiaries."  The Plaintiffs also contend that although revocation for non-payment and subsequent re-advertisement may result in another permittee paying for the forage at issue, "the new permittee may pay a reduced amount because there is less forage for grazing purposes."

The Court finds that the Plaintiffs have failed to establish that they will suffer irreparable harm if a temporary restraining order is not issued. It is unclear whether the Plaintiffs have already suffered a loss or whether they are speculating as to a future loss. In addition, the Plaintiffs have failed to explain why their injury is not compensable with money damages. The Court finds that any injury the Plaintiffs have asserted could be compensated with an award of monetary damages, and thus, the irreparable harm factor weighs against the grant of a temporary restraining order.

### C.   BALANCE OF HARMS

The Plaintiffs failed to address the balance between the harm to them if the temporary restraining order is denied and the harm to the United States if the injunction is granted. It is clear that the burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. Baker v. Electric Co-op, Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994). The Court finds that the Plaintiffs have failed to demonstrate that this factor weighs in favor of granting the temporary restraining order.

### D.   PUBLIC INTEREST

The Plaintiffs also failed to address the public interest factor of the Dataphase factors. As a result, the Court finds that the Plaintiffs have failed to demonstrate that the public interest weighs in favor of granting the temporary restraining order.

**III.**     **CONCLUSION**

The Court has carefully reviewed the pleadings and finds that the Plaintiffs have failed to meet the requirements under Rule 65(b) of the Federal Rules of Civil Procedure. The Court **DENIES** the Plaintiffs' Motion for a Temporary Restraining Order. (Docket No. 3). The Plaintiff is directed to serve a copy of this order upon the Defendants along with a copy of the complaint.

**IT IS SO ORDERED.**

Dated this 19th day of May, 2006.

                                                  */s/ Daniel L. Hovland*
                                                  Daniel L. Hovland, Chief Judge
                                                  United States District Court